IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 24-20145-JTF |
| | ) | |
| | ) | |
| LISA JEANINE FINDLEY, | ) | |
| | ) | |
| Defendant, | ) | |

**POSITION OF THE UNITED STATES
WITH RESPECT TO PRESENTENCE REPORT**

Comes now the United States by and through the United States Attorney for the Western District of Tennessee, and notifies the Court that counsel for the United States has received and reviewed a copy of the Draft Presentence Report (PSR) filed in this matter as ECF 59 [PageID 176-212]. The United States has no factual objections to the information set forth in the Draft PSR.

Government counsel makes the following observations with respect to the sentencing calculations in the Draft PSR:

The calculations in the PSR properly applied a two-level enhancement for Obstruction under § 3C1.1 (ECF 59, PSR ¶ 67, PageID 193). The enhancement appears to be based on the conduct described in paragraphs 53-54 of the PSR. (*Id*., ¶ ¶s 53-54, PageID 191). The United States agreed in the Plea Agreement to recommend that the defendant receive the maximum applicable reduction for Acceptance of Responsibility (ECF 57, Plea Agreement, PageID 172-75). The PSR did not include a reduction for acceptance of responsibility presumably because Application Note 4 to § 3E1.1 states

1

that "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for [her] conduct."   Application Note 4 also states that "[t]there may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply."   In the instant case the conduct which forms the basis for the obstruction enhancement occurred prior to the defendant's guilty plea.  Therefore, the United States will stand by its agreement to recommend a three-level reduction for acceptance of responsibility.  (See, *United States v.  Hakley*, 101 Fed.Appx. 122 (6th Cir. 2004)(finding that district court improperly denied defendant a reduction for acceptance of responsibility where the conduct which formed the basis for denial occurred four months prior to defendant's guilty plea).   *See also United States v. Gregory,* 315 F.3d 637  (6th Cir. 2003)(reversing a district court's decision to deny a downward adjustment for acceptance of responsibility where any obstructive behavior predated the indictment after which the defendant fully cooperated and never denied his guilt).

If the defendant receives a three-level reduction for Acceptance of Responsibility, the revised calculations appear to be as follows: total offense level 26, Criminal History Category VI and a sentencing range of 120-150 months.

Respectfully submitted,

JOSEPH C. MURPHY, JR.
Interim United States Attorney


By:     s/   Carroll L. André III
        Carroll L. Andre III
        Assistant United States Attorney

2

**CERTIFICATE OF SERVICE**

I, Carroll L. Andre' III, Assistant United States Attorney for the Western District of

Tennessee, hereby certify that a copy of the foregoing Position of the United States with

Respect to Presentence Report has been sent to opposing counsel via ECF

This___ day of_May, 2025.

JOSEPH C. MURPHY, JR.
Interim United States Attorney

By:    s/  Carroll L. André III___
Carroll L. Andre III
Assistant United States Attorney
TN BPR #010733
800 Federal Building
167 North Main Street
Memphis, TN 38103
(901) 544-4231
carroll.andre@usdoj.gov