IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. <u>24-20145-JTF</u> |
| ) | |
| ) | |
| LISA JEANINE FINDLEY, ) | |
| ) | |
| Defendant, ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
POSITION PAPER AND OBJECTIONS TO THE PRESENTENCE REPORT**

The United States files this response to the defendant's position paper and objections to the Presentence Report ("PSR")[ECF 67].

**Length of Sentencing Hearing**

Defense counsel estimates the sentencing hearing in this matter will last approximately two hours. Government counsel concurs with that estimate.

**Clarifications and Factual Objections**

**Aliases**

The defendant asserts that she is not known by and has not used the aliases referenced in the indictment. [ECF 67, PageID 266]. The government's position is that some of the aliases in question example were used in connection with the scheme (e.g., Gregory Nausanny, Kurt Naussany and Carolyn Williams). The government further notes that this information does not affect the guideline calculations and the defendant's clarification/objection can be noted by way of an Addendum to the PSR.

1

**Information Provided by Defendant's Sister**

The defendant objects to information provided by her sister, Linda Gail Findley. The defendant's primary objection seems to be that she asked the Probation Officer not to contact her sister for information. [*Id*. at PageID 266-268]. The defendant asserts she and her sister have a "strained, complex and difficult relationship" [Id., at PageID 266]. However, that is inconsistent with the last sentence of ¶ 101 of the PSR, which states: "The defendant reported having a good relationship with her siblings." It appears the information provided by the defendant's sister is included in ¶¶s 103, 109, and 117 of the PSR. The defendant "objects to [the] comments, opinions and statements," but does not identify any specific comment, statement or fact that is incorrect.

The defendant further objects to the information in ¶¶s 116 and 117. [*Id*., at PageID 270]. She states that "those responsible for the statements made at ¶¶s 116 and 117 are not qualified to render the opinions that the probation officer recorded in the PSR." [*Id*.]. The PSR attributes the statements to the sources (her sister and Diana Tazbaz).

The information to which the defendant objects has no impact on the defendant's sentencing guideline calculations. The defendant's objections to the inclusion and accuracy of the information provided by her sister and Ms. Tazbaz can be noted by way of an Addendum to the PSR.

**First Bullet Point in ¶ 4 of the PSR**

The first bullet point in ¶ 4 of the PSR refers to an incident that occurred on December 7, 2024, while she was being held in pre-trial detention at the Shelby County Division of Corrections. The defendant disputes details described in ¶ 4. Resolution of these objections does not affect the sentencing guideline calculations and the defendant's

objections can by noted by way of an Addendum to the PSR.

**Other Criminal Conduct and Other Arrests**

The defendant objects to the inclusion of ¶¶s 87-96 and 96-98 concerning matters that were dismissed and/or expunged. [*Id*. at PageID 269]. The government's position is that information pertaining to a defendant's arrest history and prior charges is routinely included in the PSR's prepared in this district. This information is not included in calculating the defendant's criminal history score. Further, the information identifies the status of the matters in issue as being "dismissed" or "expunged" or as lacking information. There is nothing to suggest the information is inaccurate. The government's position is that this information is properly included in the PSR and the defendant's objections can be noted by way of an Addendum to the PSR.

**Legal Objections**

**Intended Loss**

The defendant objects to the 16-level enhancement for loss as set forth in ¶ 62. . [*Id*. at PageID 270]. She argues that the intended loss is overstated. [*Id*.]. The defendant can conveniently now say that she did not intend any loss. The government's position is that while the defendant's scheme resulted in no actual loss, the facts are that the defendant filed the fraudulent Creditors Claim for $3.8 million and offered to settle for $2.8 million. [PSR ¶16]. The defendant was at the very least intending to obtain $2.8 million. Under the guidelines "loss is the greater of actual or intended loss." *U.S.S.S* §2.B1.1(b)(1) Notes to Table, Note (A). See, *United States v. You,* 74 F.4th 378 (6th Cir. 2023)(interpreting loss under the guidelines). See also, *United States v. Kennert* 2023WL 4977456 (6th Cir. 2023). The defendant argues that there was a "withdrawal of the creditor

claim as outlined in ¶48." [ECF 67, PageID 272]. Paragraph 48 reflects that the date of the "withdrawal" of the claim was May 22, 2024. It is important to note that the "withdrawal" did not occur until <u>after</u> suit was filed in Chancery Court on May 15, 2024. [PSR ¶35]. Attached to the Chancery Court complaint was the affidavit of the Notary K.P. stating that she had never met L.M.P. or notarized any document signed by L.M.P. [*Id*.]. In other words, the defendant's "withdrawal" only occurred after she knew she was caught. The government's position is that the PSR correctly applied the 16-level enhancement for intended loss of $2.8 million.

### Sophisticated Means

The defendant objects to the application of a two-level enhancement for "Sophisticated Means." [ECF 67, Page ID 272-273]. The facts outlined in the Offense Conduct section of the PSR and as outlined in the Second Addendum support the enhancement. [ECF 64, PSR ¶¶s 6-54, PageID 227-236][ECF 68, Second Addendum, PageID 283-284]. See, *United States v. Thomas*, 841 Fed.Appx. 934 (6th Cir. 2021)(application of sophisticated means enhancement upheld where bank fraud and Aggravated Identity Theft defendant stole mail, deposited checks and cashed checks at casinos). See also, *United States v. Simmerman*, 850 F.3d 829 (6th Cir. 2017) (sophisticated means enhancement applicable where Credit Union Manager who embezzled funds by removing cash from vault engaged in sophisticated means to conceal the theft from auditors by manipulating the computer system and creating a dormant account).

### Obstruction

The defendant objects to the PSR's two-level enhancement for obstruction of

justice. [ECF 67, at PageID 273-275]. The government's position is that facts support application of the enhancement. First, after the civil suit was filed in Chancery Court with allegations that the Notary Stamp of K.P. and K.P.'s signature were forgeries, she sent emails under the name Greg Naussany to create the impression that a Nigerian identity thief was responsible for the fraud. [ECF 64, PSR ¶¶s 35, 39 and 50 PageID 232 and 234]. Second, the defendant after she knew she was under investigation, sent an email to members of the investigation team discussing herself in the third person and telling investigators that an "illegal" from Belize was responsible for the scheme. [ECF 64, PSR ¶51, PageID 235]. This false and fraudulent statement was obviously an attempt by the defendant to influence the actions of the investigators and the grand jury by creating a false lead. Finally, after she was aware she was under investigation following the execution of a search warrant contemporaneous with her arrest, the defendant instructed her roommate to remove evidence missed by the search team and to "wipe" her phones. [ECF 64, PSR ¶51, PageID 235].

**Acceptance of Responsibility**

The United States agreed in the Plea Agreement to recommend that the defendant receive the maximum applicable reduction for Acceptance of Responsibility [ECF 57, Plea Agreement, PageID 172-75]. The PSR did not include a reduction for acceptance of responsibility presumably because Application Note 4 to § 3E1.1 states that "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for [her] conduct." Application Note 4 also states that "[t]there may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." In the instant

5

case the conduct which forms the basis for the obstruction enhancement occurred prior to the defendant's guilty plea. Therefore, the United States stands by its agreement to recommend a three-level reduction for acceptance of responsibility. (See, *United States v. Hakley*, 101 Fed.Appx. 122 (6th Cir. 2004)(finding that district court improperly denied defendant a reduction for acceptance of responsibility where the conduct which formed the basis for denial occurred four months prior to defendant's guilty plea). *See also United States v. Gregory,* 315 F.3d 637 (6th Cir. 2003)(reversing a district court's decision to deny a downward adjustment for acceptance of responsibility where any obstructive behavior predated the indictment after which the defendant fully cooperated and never denied his guilt).

If the defendant receives a three-level reduction for Acceptance of Responsibility, the revised calculations appear to be as follows: total offense level 26, Criminal History Category VI and a sentencing range of 120-150 months. [ECF 64, PSR ¶138, PageID 255].

**Sentencing Factors**

Under 18 U.S.C. § 3553(a) the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court in determining the particular sentence to be imposed, shall consider ---

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed ---

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B) to afford adequate deterrence to criminal conduct;

      (C) to protect the public from further crimes of the defendant; and

      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

**Nature and Circumstances of the Offense**

The offense in this case is a serious offense. The defendant boldly attempted to extort funds from the estate of L.M.P. by the creation and filing of a false and fraudulent Deed of Trust. He crime became the subject of international news stories. After she realized she was caught, she attempted to deflect responsibility onto fictitious third persons. Fortunately, the defendant's scheme was unsuccessful.

**History and Characteristics of the Defendant**

The defendant is 54 years old. She is in Criminal History Category VI with the majority of her prior convictions involving some sort of fraudulent activity. [ECF 64, PSR, ¶¶s 74-85, PageID 239-245]. The defendant has some health issues but does not appear to have any health issues that cannot be addressed in a Bureau of Prisons facility. Based on the nature and circumstances of the offense, the defendant may benefit from mental health treatment and counseling.

**Need to Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes of the Defendant**

There is a strong need to deter the defendant from future criminal conduct and to protect the public. As previously noted, the defendant is in Criminal History Category VI. Thus, a substantial period of incarceration is appropriate.

**Guidelines, Plea Agreement and Recommendation**

The government's position is that the sentencing range in this case is 120 -150 months   In the plea agreement the United States agreed to recommend a sentence of the lesser of the low end of the guidelines or 57 months.  While that recommendation represents a variance, it recognizes that that the defendant's attempt was unsuccessful and gives consideration to the "economic reality principal" referenced in the defendant's objection to the intended loss amount. [ECF 67, PageID 271]. It further takes into consideration the defendant's agreement to waive her appeal rights if the Court accepts the recommendation.  The United States recommends the Court impose a sentence of 57 months to be followed by the three-year maximum period of supervised release. Such a sentence is sufficient but not greater than necessary to accomplish the goals of sentencing.  Further, imposition of the maximum three-year period of supervised release provides the defendant with an incentive to refrain from additional criminal conduct.

        Respectfully submitted,

        JOSEPH C. MURPHY, JR.
        Interim United States Attorney

By:   s/   Carroll L. André III
       Carroll L. Andre III
       Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I, Carroll L. Andre' III, Assistant United States Attorney for the Western District of Tennessee, hereby certify that a copy of the foregoing has been sent to opposing counsel via ECF

This 22nd day of September, 2025.

                                      JOSEPH C. MURPHY, JR.
                                      Interim United States Attorney

By:    s/ Carroll L. André III
           Carroll L. Andre III
           Assistant United States Attorney
           TN BPR #010733
           800 Federal Building
           167 North Main Street
           Memphis, TN 38103
           (901) 544-4231
           carroll.andre@usdoj.gov